# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**RICKY R. EWING**                                                          **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 5:19-cv-34-DCB-MTP**

**DR. J. BURKE and N. REED**                                    **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on the Order [15] of the United States Court of Appeals for the Fifth Circuit. On May 13, 2019, this Court entered its Final Judgment [4] dismissing Plaintiff's action without prejudice. Thereafter, Plaintiff filed a Notice of Appeal [6]. This Notice was entered on the docket on June 17, 2019, but dated June 4, 2019.

The United States Court of Appeals for the Fifth Circuit has directed this Court to determine whether the Notice of Appeal [6] was deposited in the correctional institution's internal mail system on or before the last day for filing an appeal— June 12, 2019. *See* Fed. R. App. P. 4(a)(1)(A).

To gather the necessary facts, this Court entered an Order [16] on February 12, 2020 directing the custodian of the legal mail log at East Mississippi Correctional Facility to furnish a certified copy of the log containing any transactions involving the Plaintiff from June 4-12, 2019. The Court also directed Plaintiff to respond, on or before March 11, 2020, setting forth his argument and including any evidentiary materials that establish the date on which his Notice of Appeal [6] was deposited in the correctional institution's internal mail system. Order [16] at 1.

1

East Mississippi Correctional Facility[1] responded to the Court's Order [16] and submitted Plaintiff's mail log along with an Inmate Legal Assistance Request Form. Resp. [19]. The mail log represents that two items, identified as "motions," were mailed on June 13, 2019 to the District Court in Jackson, Mississippi. *Id*. at 4-5. The mail log, however, does not clearly indicate if these documents were received by the prison from Plaintiff on June 13 or if the prison received the documents on a prior date and mailed them on June 13.

The Response [19] also demonstrates that Plaintiff requested urgent legal assistance on June 10, 2019 for mailing and copying legal documents. *Id*. at 2-3. This request mentioned a June 12, 2019 deadline and mentioned "5th Circuit." *Id*. at 2. The mailing and copying of the documents Plaintiff submitted to the prison legal office on June 10, 2019 was apparently completed on June 13, 2019, the day the Notice of Appeal was postmarked. *Id*. at 3.

Plaintiff responded to the Court's order [16] and maintains that he deposited his Notice of Appeal [6] with the prison on June 4, 2019. Resp. [20]. He points to the fact that the Notice [6] is dated June 4, 2019. He also notes that his Motion for Leave to Appeal *in forma pauperis* [8], which was docketed the same day as his Notice of Appeal [6], was notarized on June 12, 2019.

The Federal Rules of Appellate Procedure provide the time frame for filing a notice of appeal. *See* Fed. R. App. P. 4. While a prisoner must file his notice of appeal within thirty days after entry of the judgment similar to any other litigant, the method for determining when the notice is filed is unique for prisoners. *See* Fed. R. App. P. 4(c)(1).[2]

---

[1] The Court notes that the responsive documents appear to come from Management & Training Corporation, which is a private prison corporation that manages East Mississippi Correctional Facility.

[2] "If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and it is accompanied by (i) a declaration in

"[A] pro se prisoner's notice of appeal under Federal Rule of Appellate Procedure 4(a)(1)— which was mailed before, but officially filed by the court clerk after, the 30-day deadline— [is] deemed filed on the date it was delivered to prison officials for mailing." *Bradshaw v. Davis*, 736 F. App'x 457, 460 (5th Cir. 2018) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). "[T]he burden is on the pro se prisoner to show when his pleading was tendered to prison officials for delivery to the court." *United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019). Bare assertions regarding when the pleading was placed in prison officials' control are not sufficient to meet this burden. *Mario Romero-Barillas v. United States*, 2020 WL 1000167, at *3 (S.D. Tex. Mar. 2, 2020).

It is clear from the records that Plaintiff did not submit the Notice of Appeal [6] on June 4, 2019, as it appears that he was asking for legal assistance regarding his case on June 10, 2019. Resp. [19] at 2. The record, however, appears to support Plaintiff's assertion that his Notice of Appeal was timely delivered to the prison mail system.[3]

First, the records submitted by East Mississippi Correctional Facility show that Plaintiff was actively trying to mail his pleadings, he was aware of the June 12, 2019 deadline, and it involved a matter with the "5th Circuit." *Id*. Second, his Motion for Leave to Appeal *in forma pauperis* [8], which was received by the Court on the same day as his Notice of Appeal [6] and

---

compliance with 28 U.S.C. § 1746— or a notarized statement— setting out the date of the deposit and stating that first-class postage is being pre-paid; or (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or (iii) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i)." Fed. R. App. P. 4(c)(1).

[3] As the prison legal office apparently designates every document as a "motion," it is impossible to tell exactly what legal documents it received from Plaintiff. *See* [19] at 4-5. The legal office plainly received and mailed Plaintiff's appeal documents but does not identify them as such.

in the same envelope, was notarized at the prison on June 12, 2019. *See* Mot. [8] at 5. This supports Plaintiff's position that the Notice was timely deposited with prison officials for mailing along with his other appeal documents on or before June 12, 2019.

This evidence also comports with Federal Rule of Appellate Procedure 4(c)(1)(A)(ii).[4] For example, the Notice of Appeal [6] and Motion to Proceed *in forma pauperis* [8], while docketed separately, were received by this Court in the same envelope that reflects the appropriate first-class postage. *See* [6-1], [8-1]. Plaintiff also stated in his Motion to Proceed *in forma pauperis* [8], under the certificate of service, that the documents were mailed to the District Court and the postage was prepaid. *See* Mot. [8] at 2.

While the mail log provided by the prison is lacking in the necessary details, it does not appear to contradict Plaintiff's assertion that his appeal documents were in the hands of prison officials by June 12, 2019, the final day to mail the appeal. The evidence shows that Plaintiff was actively attempting to mail legal documents on June 10, 2019 and a companion appeal document (Motion for Leave to Appeal *in forma pauperis* [8]) was notarized at the prison on June 12, 2019. The legal documents Plaintiff submitted to the prison legal office for mailing and copying on June 10, 2019, which appear to include the appeal documents, were not copied and mailed until June 13, 2019. In the opinion of the undersigned, Plaintiff has met his burden to establish that he delivered his Notice of Appeal to the prison on or before June 12, 2019.

Considering this evidence, the Court finds that Plaintiff timely filed his Notice of Appeal [6] under the prisoner mailbox rule and Federal Rule of Appellate Procedure 4(c)(1)(A)(ii) by placing the appeal documents in the hands of prison officials on or before June 12, 2019.

---

[4] Inmates must provide evidence that the notice was timely deposited and postage was prepaid. Fed. R. App. P. 4(c)(1)(A)(ii).

SO ORDERED this the 9th day of March, 2020.

                                          s/Michael T. Parker
                                          UNITED STATES MAGISTRATE JUDGE